**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

ANGELIQUE CASTADIA
DEVEROUIX,

          Plaintiff,

v.

Corporal JASON SEAMAN, *et al.*,

          Defendants.

:
:
:
:
:
:
:
:
:
:

Case No. 5:26-cv-38-MTT-ALS

**ORDER**

Plaintiff Angelique Castadia Deverouix, an inmate formerly incarcerated at Houston County Detention Facility in Perry, Georgia, filed a *pro se* Complaint seeking relief pursuant to 42 U.S.C. § 1983. (Doc. 1).[1] Plaintiff also seeks leave to proceed *in forma pauperis* ("IFP"). (Doc. 2). For the following reasons, Plaintiff's motion to proceed IFP is **GRANTED**. If he wishes to proceed with this case, however, Plaintiff must recast his Complaint on the Court's standard form to include only his claims regarding his medical treatment at Houston County Detention Facility.

**MOTION TO PROCEED IN FORMA PAUPERIS**

Plaintiff first seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Plaintiff's submissions demonstrate that he is presently unable to pay the cost of commencing this action. Therefore, his motion to

---

[1] Previous correspondence from the Court in another of Plaintiff's cases was returned to the Court as undeliverable, and thus the Court was unsure of Plaintiff's current whereabouts. Plaintiff, however, recently filed a notice of change of address in his other case showing that he had been transferred to Central State Hospital. *See Deverouix v. Seaman*, No. 5:25-cv-389-MTT-ALS (M.D. Ga. Apr. 6, 2026) ("*Deverouix I*") (Doc. 11). The Clerk is therefore **DIRECTED** to update Plaintiff's mailing address in this case to the address provided in that notice: Angelique Castadia Deverouix #H4239, Georgia Department of Behavioral Health and Developmental Disabilities, Central State Hospital, 620 Broad Street, Milledgeville, GA 31062.

proceed IFP (Doc. 2) is **GRANTED.**

However, even if a prisoner is allowed to proceed IFP, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the Court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is **ORDERED** that his Complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

### I.      Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The Clerk of Court is **DIRECTED** to send a copy of this Order to Plaintiff's current place of incarceration. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account

exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## II.     Plaintiff's Obligations on Release from Custody

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody. Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## ORDER TO RECAST

Plaintiff initially filed a Complaint in this Court that gave rise to two distinct and unrelated sets of claims. His first set of claims arose from an incident that occurred at the Berkshire Court Apartments in Perry, Georgia, in the spring of 2023 that resulted in Plaintiff's arrest. His second set of claims dealt with his medical treatment at Houston County Detention Facility. Because these two sets of claims were not properly joined in a single case, the Court severed Plaintiff's claims regarding his medical treatment, and the Clerk opened the above-captioned action to allow those claims to proceed as a separate action. (*See generally Deverouix I* Doc 6).

To clarify the scope of this litigation and to ensure that each of Plaintiff's medical treatment claims is properly considered, Plaintiff is now **ORDERED** to submit a recast

complaint on the Court's standard form within **FOURTEEN (14) DAYS** of the date of this Order so that it contains only those claims related to his medical treatment at Houston County Detention Facility. Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case; he should not attach supporting documents (such as grievances) to his recast complaint, use legal terminology, or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8.

As he is completing his statement of claims on the Court's standard form, Plaintiff may wish to list each individual or entity he intends to sue in this action. Beside each name, Plaintiff should clearly explain (1) when Plaintiff notified that particular individual of his condition or symptoms; (2) what information Plaintiff told that individual about his condition or symptoms; (3) how that individual responded to Plaintiff's request for treatment or other assistance; and (4) when that individual responded.

To survive preliminary review, Plaintiff must allege facts creating "a reasonable expectation" that discovery will reveal evidence to prove his claims. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). "Threadbare recitals of the elements of a cause of action supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). If, in his recast complaint, Plaintiff fails to link a named defendant to a claim, the claim will be dismissed. Likewise, if Plaintiff makes no allegations in the body of his recast complaint against a named defendant, that defendant will be dismissed. Plaintiff is also cautioned to fully and truthfully respond to each question presented on the standard form including, but not limited to, those questions regarding previous federal lawsuits and whether he has pursued grievances and exhausted his administrative

4

remedies. Failure to provide truthful responses may result in dismissal of this case.

**The recast complaint will take the place of Plaintiff's original Complaint (Doc. 1) in this case. Plaintiff may include additional pages with the Court's standard form, but the recast complaint must be no longer than ten (10) pages in its entirety.** This ten-page limitation <u>includes</u> (and is not in addition to) the pre-printed pages of the Court's standard form. The Court will not consider any allegations in any other document, or any allegations not contained within those ten pages, to determine whether Plaintiff has stated an actionable claim. Accordingly, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing. The Clerk is **DIRECTED** to forward a copy of the § 1983 form marked with the case number of the above-captioned action to the Plaintiff. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to submit his Recast Complaint.

### CONCLUSION

In sum, Plaintiff's motion to proceed IFP (Doc. 2) is **GRANTED**, and Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to file his recast complaint with the Clerk of Court as described above. Plaintiff is further **DIRECTED** to notify the Court immediately in writing of any change in his mailing address. **If Plaintiff does not timely and fully comply with this Order, this action may be dismissed.** There shall be no service of process in this case until further order of the Court.

**SO ORDERED**, this 14th day of April, 2026.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE